In the

# United States Court of Appeals
## For the Seventh Circuit

————————

No. 17-3170

BARBARA LYONS and GREGORY KOGER,

*Plaintiffs-Appellants*,

*v.*

THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK
COUNTY, ILLINOIS,

*Defendants-Appellees*.

————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 6361 — **Maria Valdez**, *Magistrate Judge*.

————————

ARGUED MAY 17, 2018 — DECIDED AUGUST 23, 2018

————————

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. During 2013, while Gregory
Koger was serving a 300-day sentence in Cook County Jail,
Barbara Lyons sent him at least ten books, plus some maga-
zines and newspapers. Lyons and Koger contend in this suit
under 42 U.S.C. §1983 that the Jail violated the First
Amendment (applied to the states by the Fourteenth) by lim-
iting inmates to three pieces of reading matter (plus religious

material) at a time—a policy that, according to plaintiffs, led to the confiscation of more than 30 "excess" books that guards found in Koger's cell. A magistrate judge, serving by consent under 28 U.S.C. §636(c), did not reach the merits but concluded that neither Lyons nor Koger has a justiciable grievance about the Jail's policy. 2017 U.S. Dist. LEXIS 160607 (N.D. Ill. Sept. 29, 2017).

Lyons lacks standing to sue, the judge concluded, because the Jail did not interfere with her ability to communicate with any inmate. Cf. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (non-prisoners have a constitutional right to communicate with prisoners). None of Lyons's donations was turned away; all ended up in Koger's hands. He could read them, send them home, throw them away, or accumulate them in his cell. The complaint alleges that he chose the last of these courses, leading to the books' confiscation, but that did not affect any interest of Lyons. She says that the policy chills her willingness to send publications to other prisoners, but she has not explained how the policy interferes with her plans. Koger has been released, and Lyons has not identified any other inmate to whom she would send publications if the Jail's policy were different. The policy therefore does not affect any of her legal interests, and the judge properly dismissed her claim.

The judge found that Koger, having been released, lacks a justiciable claim to an injunction against the policy and that he also lacks a claim for damages given the holdings of *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). *Parratt* and *Hudson* hold that persons who complain about the unauthorized loss or destruction of their property must seek compensation in state court

rather than under §1983. (*Parratt* dealt with negligent deprivations; *Hudson* extended its holding to intentional deprivations.)

The problem with dismissing this suit under *Parratt* and *Hudson* is Koger's allegation that the confiscation of his reading material was authorized by the Jail's policy. The three-book limit appears in the prisoners' handbook, and although the record does not show what is supposed to happen to books removed from prisoners' cells, Koger alleges that the Jail did not return the confiscated books when he was released. *Parratt* and *Hudson* do not block challenges to public bodies' policies, formal or informal; they are limited to losses caused by the sort of deviations from those policies that make pre-deprivation process impractical. See *Zinermon v. Burch*, 494 U.S. 113 (1990). Koger challenges the Jail's policy, and given the nature of that policy (as Koger describes it), some form of pre-deprivation process—such as asking a prisoner to designate what should be done with the excess books—would have been practical. *Parratt* and *Hudson* therefore do not govern this suit.

Defendants observe that the Supreme Court has held that prisons may limit the nature and amount of reading matter in cells. See *Beard v. Banks*, 548 U.S. 521 (2006); see also *Tarpley v. Allen County*, 312 F.3d 895 (7th Cir. 2002). Koger's objection to the three-book policy thus may well fail. But it would be premature for us to address the merits while it remains unclear just what policy the Jail has adopted for dealing with confiscated reading matter. It is also possible that Koger's allegations are false and that no substantive issue needs resolution: the guards deny removing any of his reading matter. It is best to return all merits-related questions to

the district court, which can determine exactly what policy the Jail is employing, how (if at all) it affected Koger, and if necessary consider the validity of that policy and whether Koger is entitled to damages.

The judgment is affirmed with respect to Lyons, but with respect to Koger's claim for damages it is vacated, and the case is remanded for further proceedings.